United States District Court
Southern District of Texas
**ENTERED**
February 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH W. BENJAMIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-00214 |
| | § | |
| THE BANK OF NEW YORK MELLON, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

There are two motions pending before me: (1) Plaintiff's Motion Seeking Leave to File an Amended Pleading Under F.R.C.P. 15(a)(2); and (2) Plaintiff's Motion for Judgment on Claims per Rule 54(b). *See* Dkts. 88, 89. These motions are non-dispositive matters under Federal Rule of Civil Procedure 72(a) for which I, as a magistrate judge, may issue an order, and not merely a report and recommendation. *See PYCA Industries, Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (Rule 54(b) orders are non-dispositive); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) (motions to amend are non-dispositive). For the reasons set forth below, both motions are **DENIED**.

### BACKGROUND

Plaintiff Kenneth W. Benjamin ("Benjamin") originally filed this lawsuit in state district court in Fort Bend County, Texas, in January 2020. Defendants Bank

of New York and Bayview Loan Servicing, LLC ("Bayview") timely removed the action to this Court. A few days later, Benjamin filed a First Amended Petition. Then, a couple of months after that, Benjamin requested permission to file a Second Amended Petition. The Court granted the request, and Benjamin filed the amended pleading in April 2020.

In the Second Amended Petition, Benjamin sued Bank of New York, Bayview, Hughes Watters Askanase, LLP ("HWA"), and Rachel Donnelly ("Donnelly") for a long list of causes of action arising out of a home equity loan and state foreclosure proceedings. The claims asserted by Benjamin included numerous violations of the Texas Constitution, improper acceleration of loan, breach of contract, suit to remove cloud and quiet title, declaratory judgment, injunctive relief, statutory fraud, fraud, civil conspiracy, negligent misrepresentation, negligent undertaking, equitable estoppel, intentional infliction of emotional distress, and violations of the Real Estate Settlement Procedures Act. After Defendants moved to dismiss all of Benjamin's claims under Rule 12(b)(6), I issued a Memorandum and Recommendation, ultimately adopted in its entirety by the District Court, dismissing all causes of action except for quiet title, declaratory relief, and injunctive relief. *See Benjamin v. Bank of New York Mellon*, No. 4:20-CV-00214, 2020 WL 8093650 (S.D. Tex. Dec. 28, 2020). The quiet title claim was based on multiple alleged violations of the Texas Constitution. I concluded that only one constitutional claim passed muster. I also dismissed two of the defendants, HWA and Donnelly, from the lawsuit entirely.

## Motion to Amend Under Rule 15(a)(2)

Benjamin requests the opportunity "to file an amended pleading to correct the deficiencies that led to the dismissal of Plaintiff's claims to relief that occurred under Rule 12(b)(6)." Dkt. 89 at 1. Although leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is by no means automatic. *See Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). As the Fifth Circuit has explained on numerous occasions, the ultimate decision to grant or deny a motion to amend rests within the sound discretion of the trial judge. *See id.* When exercising its discretion to allow or deny leave to amend, the district court can consider a number of factors, such as "the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith." *United States ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). While the language of Rule 15(a)(2) evinces a bias in favor of granting leave to amend, a district court need not grant a futile motion to amend. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016).

Other than nonchalantly telling me that I should "be assured the [Third] Amended Pleading would meet" Rule 12(b)(6)'s pleading requirements, Benjamin provides absolutely no basis or detail for the requested amendment. Dkt. 89 at 2. In an ideal world, Benjamin would have provided me a proposed amended complaint to review. Nonetheless, his "failure to attach a copy of the proposed complaint is not, on its own, fatal to a motion to amend." *Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018). What does, however, doom his

3

request to amend is his failure to apprise me of what additional facts he would include in a Third Amended Complaint. "[A] bare bones motion to amend remains futile when it fails to apprise the district court of the facts that he would plead in an amended complaint." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (quotation omitted). Because Benjamin has failed to explain what facts would be included in yet another amended pleading, his latest request to amend should be denied. *See Rombough v. Bailey*, 733 F. App'x 160, 165 (5th Cir. 2018) ("[Plaintiff] failed to apprise the court of the facts she would plead in her amended complaint; therefore the district court did not err when it denied her motion to amend as futile").

Remember, Benjamin has already been given three opportunities to present viable claims—an Original Petition, a First Amended Petition, and a Second Amended Petition. At a certain point, enough is enough. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (finding plaintiffs need not be afforded another opportunity to amend their complaint where they had already been given two opportunities to amend). That time is now.

### Request for a Rule 54(b) Order

Benjamin next asks me to certify my Rule 12(b)(6) order dismissing the majority of his claims against Defendants as a partial final judgment pursuant to Rule 54(b), which would permit him to immediately appeal that ruling to the Fifth Circuit. I am unwilling to do so.

> Rule 54(b) states in relevant part:
>
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). In considering whether to certify a judgment under Rule 54(b), a district court must determine (1) whether there has been "an ultimate disposition of an individual claim entered in the course of a multiple claims action"; and (2) "whether there is any just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980) (quotation omitted). Here, there is no dispute that a number of Benjamin's claims have been completely disposed of at the Rule 12(b)(6) stage. The sole outstanding question is whether there is a reason I should delay an immediate appeal of those claims to the Fifth Circuit.

Deciding whether any just reason exists to delay the appeal requires the court to "take into account judicial administrative interests as well as the equities involved." *Id.* at 8. Rule 54(b) "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoiding piecemeal appeals." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (cleaned up). In this case, there is a real concern that if a Rule 54(b) judgment is entered, the Fifth Circuit could be confronted with two appeals stemming from this case, both of which involve the same underlying transaction and same factual predicate. Indeed, the dismissed claims and the remaining claims all relate to Benjamin's application for and

origination of a home equity loan. "It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2659 (4th ed. 2020). *See also Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 702 (7th Cir. 1984) (when similar factual issues exist among multiple claims, a district court should "spare the court of appeal from having to keep relearning the facts of a case on successive appeals"). It would be far more efficient for all claims to be decided in this case before any appeals are initiated. For that reason, Benjamin's request for relief under Rule 54(b) is denied.

## CONCLUSION

For the reasons set forth above, Benjamin's motion to file an amended pleading (Dkt. 89) and his motion for judgment on claims per Rule 54(b) (Dkt. 88) are **DENIED**.

SIGNED on this 22nd day of February 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE