United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KENNETH W. BENJAMIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-00214 |
| | § | |
| THE BANK OF NEW YORK MELLON, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

In his most recent Application for Hearing Under L.R. 7.8, Plaintiff raises two issues. *See* Dkt. 134.

First, Plaintiff asks if certain Flagstar Bank material will be admissible evidence. I will not jump into that fire pit at this time. Decisions on what will or will not be admitted into evidence at trial will be made at trial, not now.

Second, Plaintiff asks if I will award sanctions against Defendant for allegedly preventing him from conducting a deposition of Defendant's corporate representative. The answer is no. I have carefully reviewed the email exchange between defense counsel and Plaintiff, and do not believe defense counsel has done anything improper. On August 11, 2021, Plaintiff provided Defendant, for the first time, a proposed list of deposition topics. Plaintiff then demanded a corporate representative be presented within two days, by August 13, 2021. That is unreasonable. To his credit, defense counsel explained to Plaintiff that he could not identify the proper corporate representative, prepare the witness, and make him (or her) available on two-day's notice. Defense counsel did, however, generously agree to extend the discovery deadline (which expired on August 13, 2021) if Plaintiff wanted to take the requested deposition at a mutually convenient time outside the discovery period. Plaintiff said no to that offer and must now face the consequences.

Signed this 17th day of August 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE